# UNITED STATES DISTRICT COURT
## for the
## Southern District of Florida

FILED BY ___ID___ D.C.

MAY 14 2015

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**GEORGE LONGMORE**
    Plaintiff,

Case No: 15-cv-60549 COHN/SELTZER

vs.

**GULF COAST COLLECTION BUREAU**
    Defendant.

## PLAINTIFFS FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 et seq, THE FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559, THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C §27 AND THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C §1692k(d), Fla. Stat. §47.051, and 47 U.S.C. §227(b)(3) and 28 U.S.C §1331. This court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C §1367.

2. All conditions precedent to the bringing of this action has been performed.

### PARTIES

3. The Plaintiff in this lawsuit is GEORGE LONGMORE, (hereinafter "Plaintiff") a natural person, who resides in Broward County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

4. The Defendant in this lawsuit is GULF COAST COLLECTION BUREAU (hereinafter "Gulf Coast") who conducts business in Broward County, FL. and has offices at 5630 Marquesas Circle, Sarasota FL, 34233 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Defendant is a furnisher of information within the meaning of the FCRA U.S.C §1681s-2

6. Defendant is authorized to conduct business in the State of Florida.

7. Defendant regularly uses the mail and telephone in a business which the principal purpose is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the FDCPA.

10. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## VENUE

11. The occurrences which gave rise to this action occurred in Broward County, FL. and Plaintiff reside in Broward County, FL.

12. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391b and FLA. Stat. §559.77.

## FACTUAL ALLEGATIONS

13. There is no established business relationship between Plaintiff and Defendant.

14. Plaintiff has never given Defendant expressed written consent, verbal consent or electronic consent to be contacted by the use of automatic telephone dialing equipment.

2

15. Plaintiff has never given Defendant expressed written consent, verbal consent, or electronic consent to obtain Plaintiffs TransUnion Credit Report.

16. Defendant has never made a firm offer of credit to Plaintiff.

17. Defendant has never made a firm offer of insurance to Plaintiff.

18. On or around November 12th, 2014 Plaintiff received a Dunning Letter from Defendant claiming a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

19. On or around November 13th, 2014 Plaintiff mailed Defendant a "Debt Validation Letter" via U.S.P.S. Regular Mail.

20. Defendant failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not he owes the alleged "debt" and whether the alleged "debt" was correctly calculated.

21. On November 19th 2014, Defendant called Plaintiff using an "automated telephone dialing system" in an attempt to collect a debt.

22. On February 2, 2015 Plaintiff ordered his TransUnion Credit Report.

23. Upon review of his credit report Plaintiff noticed an unauthorized credit inquiry by Gulf Coast Collection Bureau on November 3, 2014.

24. On February 14, 2015 Plaintiff mailed Defendant via USPS Certified Letter # 7014 0150 0002 1082 1057 a second "Debt Validation Letter".

25. On February 17, 2015 Defendant replied to Plaintiffs request but failed to properly validate the alleged debt.

26. On February 23, 2014 Plaintiff mailed Defendant via USPS Certified Mail # 7014 0150 1082 1002 a "Notice of Pending Lawsuit".

27. On March 3, 2015 Defendant responded to Plaintiffs "Notice of Pending Lawsuit" by claiming that the alleged "account has been Cancelled".

28. Defendant claimed in their response: "The above creditor has withdrawn your account from Gulf Coast Collection Bureau as of 3/03/15."

## COLLECTION ACTIVITIES

29. On November 3, 2014 Defendant (Gulf Coast Collection Bureau) willfully and knowingly obtained Plaintiff (George Longmore) TransUnion Credit without permissible purpose, which were "communications" as that term is defined by 15 U.S.C. § 1692a(2).

30. On November 19th, 2014 Defendant (Gulf Coast Collection Bureau) willfully and knowingly called Plaintiff (GEORGE LONGMORE) using an "automatic telephone dialing system" in an attempt to collect this debt, which were "communications" as that term is defined by 15 U.S.C. § 1692a(2).

## SUMMARY

31. All of the above – described collection communications made to Plaintiff by Defendant, and collection employees employed by Defendant, were made in violation of numerous and multiple provisions of the FDCPA, the FCCPA, the TCPA and the FCRA.

## CAUSES OF ACTION

### COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS ACT
### 15 U.S.C. § 1692.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendant willfully and knowingly violated 15 U.S.C. 1692e by using false, deceptive or misleading representation or means in connection with the collection of an alleged debt. Wherefore, Plaintiff demands judgment against Gulf Coast Collection Bureau for actual, statutory damages, fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k

### COUNT 2

### ANY FALSE REPRESENTATION OR DECEPTIVE MEANS TO COLLECT A DEBT OR OBTAIN INFORMATION ABOUT A CONSUMER 15 U.S.C. 1692e(10).

34. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

35. Defendant willfully and knowingly violated 15 U.S.C. § 1692e(10) by obtaining Plaintiffs TransUnion credit report without permissible in an attempt to collect an alleged debt.

36. Wherefore, Plaintiff demands judgment against Gulf Coast Collection Bureau for actual, statutory damages, and fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k

## COUNT 3

## HARRASSMENT OR ABUSE 15 U.S.C. 1692d(5).

37. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

38. Defendant willfully and knowingly placed a telephone call to Plaintiff. The above – detailed conduct by this Defendant's communications in an attempt to collect an alleged debt is in violation of 15 U.S.C § 1692 d(5).

39. Wherefore, Plaintiff demands judgment against Gulf Coast Collection Bureau for actual, statutory damages, fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k.

## COUNT 4

## VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA. STAT. §559(PART IV)

40. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

41. Defendant willfully and knowingly violated FCCPA, FLA. STAT§559.72(9) by claiming, attempting or threatening to enforce a debt when such persons knew that the debt was not legitimate.

Wherefore, Plaintiff demands judgment against Gulf Coast Collection Bureau for actual, statutory damages, fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k.

## COUNT 5

## VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. 227b(1)(A).

42. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

43. Defendant willfully and knowingly violated TCPA 47 U.S.C. 227b(1)(A) by making a call (other than a call made for emergency purpose or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice.

Wherefore, Plaintiff demands judgment against Gulf Coast Collection Bureau for actual, statutory and punitive damages, and fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k.

## COUNT 6

## VIOLATION OF TELEPHONE COMSUMER PROTECTION ACT (TCPA) 47 U.S.C. 227(1)(b).

44. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

45. Defendant willfully and knowingly violated TCPA 47 U.S.C. 227b(1)(B) to initiate any telephone call to any residential telephone line using a artificial or prerecorded voice to deliver a message without the prior written consent of the called party.

Wherefore, Plaintiff, George Longmore demands judgment against Gulf Coast Collection Bureau for actual, statutory and punitive damages, and fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k.

## COUNT 7

## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA) § 1681b(f).

46. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

47. Defendant willfully and knowingly violated 15 U.S.C. § 1681b(f) by obtaining Plaintiffs TransUnion Credit Report without a permissible purpose as defined by 15 U.S.C § 1681b.

**Wherefore**, Plaintiff, George Longmore demands judgment against Gulf Coast Collection Bureau for actual, statutory, and fees and cost, along with any other further relief as the court deems just and proper, pursuant to 12 U.S.C. §1692k.

## REQUEST FOR JURY

Plaintiff is entitled and hereby requests a trial by jury

Dated: May 11, 2015

respectfully submitted,

*/s/ George Longmore*
George Longmore
*Pro se*
607 NW 155 Ter,
Pembroke Pines, Fl, 33028
(954) 871-1602
georgelongmore@comcast.net