UNITED STATES DISTRICT COURT
for the Southern District of Florida



GEORGE LONGMORE

        Plaintiff,

                              Case No.: 15-cv-60549-COHN/SELTZER

v.

GULF COAST COLLECTION BUREAU

        Defendant.

_____/

## PLAINTIFF'S MOTION COMPEL

Plaintiff, George Longmore, files this Motion to Compel and, in support thereof, states as follows:

Plaintiff, George Longmore seeks to Compel Defendant, Gulf Coast Collection Bureau, to produce documents requested from Plaintiffs First Request for Production #'s (RFA's) 13, 15 and 16. The requested discovery is relevant at this state of the litigation and is narrowly tailored to the specific allegations of Counts 5, 6, and7.

## INTRODUCTION

1. Plaintiff filed their Complaint in this Court on March 16, 2015.

2. Defendant answered this Complaint on March 27, 2015.

3. Joint Scheduling Order was entered on March 17, 2015.

4. Mediation Hearing is scheduled for June 17, 2015.

5.  No Party has moved for Summary Judgment.

6.  Plaintiff served Defendant with First Request for Production ("RFP") via USPS Certified Mail # 7014 0150 0001 1995 7932 on April 6, 2015[1].

7.  Defendant responded to Plaintiffs First Request for Production on May 5, 2015[2].

8.  Defendant responses to Plaintiffs First Request for Production #'s 13, 15, and 16 are inadequate.

9.  On May 12, 2015 Plaintiff communicated electronically with Counsel for Defendant and his Legal Assistant pointing out that each RFP is narrowly tailored to the specific allegations of counts 5, 6 and 7 of the complaint[3].

10. Plaintiff requested that these documents be produced to him by end of business day Tuesday May 27, 2015.

11. On May 17, 2015 Plaintiff mailed Reply to Defendants Response to Plaintiffs Request for Production to Ernest H. Kohymyer, III counsel for Defendant via USPS Certified Mail #: 7014 0150 0001 1995 7833[4].

## CERTIFICATION REQUIRED BY S.D. Fla. L.R. 7.1A3(a)

The undersigned communicated with counsel for Defendant in good faith to resolve the issue raised in this motion. Defendants counsel has not responded and has failed to produce the documents in question.

---

[1] Plaintiffs First Request for Production is attached hereto as Exhibit A.
[2] Defendants Response to Plaintiffs First Request for Production is attached hereto as Exhibit B.
[3] Electronic communication is attached hereto as Exhibit C.
[4] Reply to Defendants RFP is attached hereto as Exhibit D.

**Wherefore**, Plaintiff George Longmore respectfully requests that Gulf Coast Collection

Bureau be compelled to produce documents requested in Plaintiffs RFA #'s this

Honorable Court grant leave to allow Plaintiff to file his First Amended Complaint.


Respectfully submitted,
*/s/ George Longmore*
George Longmore, *pro se*
607 NW 155 Terr
Pembroke Pines Fl, 33028
georgelongmore@comcast.net
(954) 871-1602

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May 2015, a true and correct copy of the foregoing

Plaintiff's Motion to Compel by U.S.P.S. Mail To:

> Ernest H. Kohlmyer III
> Urban, Thier, Federer & Chinnery
> 200 South Orange Ave Ste 2000
> Orlando, FL. 32801
> 407.245.8352
> kohlmyer@urbanthier.com
> Attorneys for Gulf Coast Collection Bureau
> CASE NO.: 15-cv-60549 Cohen/Seltzer

Respectfully submitted,
*/s/ George Longmore*
George Longmore, *pro se*
607 NW 155 Terr
Pembroke Pines Fl, 33028
georgelongmore@comcast.net
(954) 871-1602

# EXHIBIT

# "A"

# UNITED STATES DISTRICT COURT
For The
## Southern District of Florida

GEORGE LONGMORE

       Plaintiff,

                                Case No.: 15-cv-60549-COHEN/SELTZER

v.

GULF COAST COLLECTION BUREAU

       Defendant.

_____/

## PLANTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT GULF COAST COLLECTION BUREAU

Pursuant to Fed. R. Civ. P. Rule 36 PLAINTIFF, George Longmore request DEFENDANT, Gulf Coast Collection Bureau for inspection and copying the original of the following documents and things at the office of the Plaintiff:

**For the purpose of these request the following definitions apply:**

**Plaintiff** means: Plaintiff, George Longmore.

**Defendant** means: Defendant, gulf Coast Collection Bureau.

1. All written contracts between Defendant and original creditor authorizing Defendant to collect (Plaintiff's account) on behalf of original creditor.

2. All written contracts between Plaintiff and Defendant.

3. All written contracts between Plaintiff and original creditor

1

4.  All account statements between Plaintiff and Defendant.

5.  All account statement between Plaintiff and original creditor

6.  All applications for credit with Defendant.

7.  All applications for credit with original creditor.

8.  All applications for employment with Defendant.

9.  All applications for insurance from Defendant.

10. All bona fide credit offers from Defendant.

11. Defendants training manuals and procedures on debt collection practices.

12. Defendants mail log of written communications to Plaintiff.

13. Defendant's telephone records to Plaintiffs phones.

14. Defendant's voicemail records to Plaintiff.

15. Plaintiff's "expressed written consent", verbal consent or electronic consent for

    Defendant to contact Plaintiff by the use of automatic telephone dialing equipment.

16. Plaintiffs' "expressed written consent", verbal consent or electronic consent for

    Defendant to obtain Plaintiffs' TransUnion Credit Report.


Please respond within 30 days upon receipt of this First Request for Production.

/s/ George Longmore
George Longmore, pro se
607 Nw 155 Terr
Pembroke Pines Fl, 33028
georgelongmore a comcast.net
(954) 871-1602

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of April, 2015, a true and correct copy of the foregoing First

Request for Production was served by U.S.P.S. Certified Mail # 7014 0150 0001 1995 7932

To:

    Ernest H. Kohlmyer III
    Urban, Thier, Federer & Chinnery
    200 South Orange Ave Ste 2000
    Orlando, FL. 32801
    407.245.8352
    kohlmyer@urbanthier.com
    Attorneys for Gulf Coast Collection Bureau
    CASE NO : 15-cv-60549-Cohen/Seltzer

3

# EXHIBIT

# "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-cv-60549-COHEN/SELTZER

GEORGE LONGMORE,

    Plaintiff,

v.

GULF COAST COLLECTION
BUREAU, INC.,

    Defendant.

_____/

### DEFENDANT GULF COAST COLLECTION BUREAU, INC.'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

        COMES NOW Defendant GULF COAST COLLECTION BUREAU ("DEFENDANT") by and through its undersigned counsel, and serves its Response to Plaintiff's First Request for Production of Documents, pursuant to the Federal Rules of Civil Procedure, and states:

### OBJECTIONS COMMON TO EACH REQUEST

        1.     DEFENDANT objects to Plaintiff's Requests to the extent that Plaintiff seeks confidential, proprietary, or trade secret information.

        2.     DEFENDANT objects to Plaintiff's Requests and to producing the documents requested to the extent Plaintiff's Requests seeks documents protected by the attorney-client privilege, the attorney work product doctrine, the self-critical analysis privilege, the bank examination privilege, the investigatory privilege, the regulatory privilege, the deliberative process privilege, the accountant-client privilege, the joint defense privilege or any other applicable privilege or protection.

        3.     DEFENDANT objects to Plaintiff's Requests and to producing the documents requested to the extent Plaintiff's Requests seek documents not relevant, not reasonably related to the matters at issues in the complaint, and not reasonably calculated to lead to the discovery of admissible evidence.

        4.     DEFENDANT objects to Plaintiff's Requests and to producing the documents requested, other than those specifically pertaining to Plaintiff, because the requested documents do not in any way pertain to Plaintiff or his claim.

5.      DEFENDANT objects to any "Definitions" and "Instructions", or lack thereof, contained in Plaintiff's Requests to the extent that they purport to impose obligations upon Defendant broader than those imposed by the applicable Federal Rules of Civil Procedure, applicable local rules or Orders of Court.  This objection shall include any and all request for information for which Plaintiff fails to provide specific instructions or definitions to such requested information.

6.      DEFENDANT objects to producing the documents requested without a mutually acceptable confidentiality agreement and protective order.

7.      DEFENDANT objects to Plaintiff's Requests and to producing the documents requested to the extent Plaintiff's Requests seek documents which are in the public domain or otherwise are readily accessible to Plaintiff, or are obtainable from some other source that is more convenient, less burdensome or less expensive.

8.      DEFENDANT objects to Plaintiff's Requests and to producing the documents requested to the extent Plaintiff's Requests seek documents not within Defendant's possession, custody and control.

9.      DEFENDANT objects to Plaintiff's Requests and to producing the documents requested to the extent that they relate to a time period that is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

10.     DEFENDANT objects to Plaintiff's Requests to the extent that any request requires or purports to require Defendant to create a document not already in existence.

11.     DEFENDANT specifically reserves the right to supplement or amend this Response and its objections.  Neither the fact that an objection is interposed to a particular request nor the fact that no objection is interposed necessarily means that responsive documents exist.

12.     DEFENDANT's Response to Plaintiff's Requests does not waive its right to challenge the relevance, materiality, or admissibility of the documents or to object to the use of the document at trial or any other proceeding in this action.

## DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION

1.      All written contracts between Defendant an original creditor authorizing Defendant to collect (Plaintiff's account) on behalf of original creditor.

**RESPONSE: Objection to the extent this Request is overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence, or seeks information that is irrelevant or inadmissible, which is protected by any privilege, or is confidential, trade secret or proprietary business information. Subject to and without waiving objection, Defendant has provided a copy of a Business Associate Agreement (7 pages) to Plaintiff with**

correspondence dated April 30, 2015.

    2.    All written contracts between Plaintiff and Defendant.

**RESPONSE: Objection to the extent this Request is overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence, or seeks information that is irrelevant or inadmissible or which is protected by any privilege, or is confidential, trade secret or proprietary business information. Subject to and without waiving objection, Defendant is not in possession, custody or control of documents responsive to this Request.**

    3.    All written contracts between Plaintiff and original creditor.

**RESPONSE: Objection to the extent this Request is overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence, or seeks information that is irrelevant or inadmissible or which is protected by any privilege, or is confidential, trade secret or proprietary business information. Subject to and without waiving objection, Defendant has provided a copy of a Minars Dermatology, LLC Medical History Form (2 pages) to Plaintiff with correspondence dated April 30, 2015.**

    4.    All account statements between Plaintiff and Defendant.

**RESPONSE: Objection to the extent this Request is overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence, or seeks information that is irrelevant or inadmissible or which is protected by any privilege, or is confidential, proprietary business information, or which does not exist and Defendant is not required to create.  Subject to and without waiving objection, Defendant is not in possession, custody or control of documents responsive to this Request.**

    5.    All account statement[] between Plaintiff and original creditor.

**RESPONSE: Objection to the extent this Request is overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence, or seeks information that is irrelevant or inadmissible or which is protected by any privilege, or is confidential, proprietary business information, or which does not exist and Defendant is not required to create.  Subject to and without waiving objection, Defendant has provided a copy of a Minars Dermatology, LLC statement to Plaintiff (1 page) with correspondence dated April 30, 2015.**

    6.    All applications for credit with Defendant.

**RESPONSE: Objection to the extent this Request is overly broad, burdensome vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence, or seeks information that is irrelevant or inadmissible or protected by any privilege, or is confidential, trade secret or proprietary business information, or which does not exist and Defendant is not required to create.**

7.      All applications for credit with original creditor

**RESPONSE: Objection to the extent this Request is overly broad, burdensome, vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence, or seeks information that is irrelevant or inadmissible or protected by any privilege, or is confidential, trade secret or proprietary business information, or which does not exist and Defendant is not required to create. Subject to and without waiving objection, Defendant is not in possession, custody or control of documents responsive to this Request.**

8.      All applications for employment with Defendant.

**RESPONSE: Objection to the extent this Request is overly broad, burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, or seeks information that is irrelevant or inadmissible or protected by any privilege, or is confidential, trade secret or proprietary business information, or which does not exist and Defendant is not required to create. Subject to and without waiving objection, Defendant is not in possession, custody or control of documents responsive to this Request.**

9.      All applications for insurance from Defendant.

**RESPONSE: Objection to the extent this Request is overly broad, burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, or seeks information that is irrelevant or inadmissible or protected by any privilege, or is confidential, trade secret or proprietary business information, or which does not exist and Defendant is not required to create. Subject to and without waiving objection, Defendant is not in possession, custody or control of documents responsive to this Request.**

10.     All bona fide credit offers from Defendant.

**RESPONSE: Objection to the extent this Request is overly broad, burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, or seeks information that is irrelevant or inadmissible or protected by any privilege, or is confidential, trade secret or proprietary business information, or which does not exist and Defendant is not required to create. Subject to and without waiving objection, Defendant is not in possession, custody or control of documents responsive to this Request.**

11.     Defendant[]s training manuals and procedures on debt collection practices.

**RESPONSE: Objection to the extent this Request is overly broad, burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence, or seeks information that is irrelevant or inadmissible or protected by any privilege, or is confidential, trade secret or proprietary business information.  Subject to and without waiving objection, investigation is ongoing and Defendant will produce procedures to support the bona fide error defenses of the FDCPA and FCCPA limited to the narrow scope of the operative pleadings.**

12.    Defendant's mail log of written communications to Plaintiff.

**RESPONSE: Objection to the extent this Request is vague and not reasonably calculated to lead to the discovery of admissible evidence, or seeks information that is irrelevant or inadmissible or protected by any privilege, or is confidential, trade secret or proprietary business information. Subject to and without waiving objection, investigation is ongoing and if documents responsive to this Request are discovered, Defendant will supplement this response.**

13.    Defendant's telephone records to Plaintiff[]s phones.

**RESPONSE: :  Objection to the extent this Request is overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence, or seeks information that is irrelevant or inadmissible or protected by any privilege, or is confidential, trade secret or proprietary business information. Subject to and without waiving objection, investigation is ongoing and if documents responsive to this Request are discovered, Defendant will supplement this response.**

14.    Defendant's voicemail records to Plaintiff.

**RESPONSE: Objection to the extent this Request is vague and not reasonably calculated to lead to the discovery of admissible evidence, or seeks information that is irrelevant or inadmissible or protected by any privilege, or is confidential, trade secret or proprietary business information. Subject to and without waiving objection, investigation is ongoing and if documents responsive to this Request are discovered, Defendant will supplement this response.**

15.    Plaintiff's "expressed written consent", verbal consent or electronic consent for Defendant to Contact Plaintiff by the use of automatic telephone dialing equipment.

**RESPONSE: Objection to the extent this Request calls for a legal conclusion as to the term "expressed written consent" and/or is not reasonably calculated to lead to the discovery of admissible evidence, or seeks information that is irrelevant or inadmissible or which is protected by any privilege, or is confidential, trade secret or proprietary business information. Subject to and without waiving objection, see response to Request 3.**

16.    Plaintiff's "expressed written consent", verbal consent or electronic consent for Defendant to obtain Plaintiffs' TransUnion Credit Report.

**RESPONSE: Objection to the extent this Request is overly broad, vague, ambiguous,**

and not reasonably calculated to lead to the discovery of admissible evidence, or seeks information that is irrelevant or inadmissible or protected by any privilege, or is confidential, trade secret or proprietary business information, or which does not exist and Defendant is not required to create.

Dated this **5**[th] **day of May, 2015**.

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via electronic transmission and U.S. Mail on **May 5, 2015** to the following: George Longmore, Plaintiff *Pro Se,* 607 NW 155 Ter, Pembroke Pines, FL 33028 at:georgelongmore@comcast.net.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 110108
kohlmyer@urbanthier.com
Urban, Thier, & Federer, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL  32801
Telephone: (407) 245-8352
Facsimile: (407) 245-8361
*Attorneys for Defendant*

# EXHIBIT

## "C"

**georgelongmore@comcast.net**                              Fri, May 15  8:53 PM
to LeGros@urbanthier.com
cc Mary Grace Dyleski

## Re: SERVICE OF COURT DOCUMENTS, CASE NO.:  15-60549-CIV-COHN/SELTZER

Mr. Kohlmyer,

I have viewed Defendants Response to Plaintiffs First Request for Production. The following RFP's responses are  inadequate. I am again requesting that these documents be produced.

RFP # 13: relevant and material to the case and is reasonably calculated to lead to the discovery of admissible evidence. It is narrowly tailored to the specific allegations of counts 5 and 6 of the complaint.

RFP # 15: relevant and material to the case and is reasonably calculated to lead to the discovery of admissible evidence. It is narrowly tailored to the specific allegations of counts 5 and 6 of the complaint.

RFP # 16: relevant and material to the case and is reasonably calculated to lead to the discovery of admissible evidence. It is narrowly tailored to the specific allegations of count 7 of the complaint.

Please have your client produce these documents to me by the end of business day Tues 5/26/2015. If your client chooses not to produce these documents I may choose file a Motion to Compel to obtain these documents.

Thx,
G.Longmore


Sent from Windows Mail


**From:** LeGros@urbanthier.com
**Sent:** Tuesday, May 5, 2015 1:50 PM
**To:** georgelongmore@comcast.net
**Cc:** Mary Grace Dyleski

| to Ernest H. Kohlmyer, III and **Court in which proceeding is pending:** | U.S. District Court, Southern District of Florida |
|---|---|
| **Case Number:** | 15-60549-CIV-COHN/SELTZER |
| **Case Name:** | George Longmore v. Gulf Coast Collection Bureau, Inc. |
| **Document(s) served:** | 1.   Defendant's Response to Plaintiff's Request for Admissions; and |
| | 2.   Defendant's Response to Plaintiff's First Request for Production |

# EXHIBIT

# "D"

May 17, 2015

George Longmore
607 Nw 155 ter
Pembroke Pines Fl 33028

Ernest H Kohlmyer
Urban, Their, Federer & Chinnery
200 South Orange Ave
Orlando Fl 32801

Via USPS Certified Mail # 7014 0150 0001 1995 7833

RE: Longmore v Gulf Coast Collection Bureau 15-cv-60549-Cohen/Seltzer

<u>REPLY TO DEFENDANTS RESPONSE TO PLAINTIFFS FIRST REQUEST FOR PRODUCTION</u>


Mr. Kohlmyer,

This is a follow up to the email that I sent you on May 12, 2015 regarding your clients Response to my Request for production:

I have viewed Defendants Response to Plaintiffs First Response for Production. The following RFP's responses are inadequate. I am again requesting that these documents produced.

RFP# 13: relevant and material to the case and is reasonably calculated to lead to the discovery of admissible evidence. It is narrowly tailored to the specific allegations of counts 5 and 6 of the complaint.

RFP# 15: relevant and material to the case and is reasonably calculated to lead to the discovery of admissible evidence. It is narrowly tailored to the specific allegations of counts 5 and 6 of the complaint.

RFP# 16: relevant and material to the case and is reasonably calculated to lead to the discovery of admissible evidence. It is narrowly tailored to the specific allegations of count 7 of the complaint.

Please have your client produce these documents to me by the end of business day Tues. 5/26/2015. If your client chooses not to produce these documents I may choose to file a Motion to Compel to obtain these documents.

Please contact me if you have any questions.

Regards,
George Longmore
georgelongmore@comcast.net
954.871.1602