UNITED STATES DISTRICT COURT
for the Southern District of Florida

GEORGE LONGMORE

Plaintiff,

Case No.: 15-cv-60549-COHN/SELTZER

v.

GULF COAST COLLECTION BUREAU

Defendant.

_____/

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SUPPORTING MEMORANDUM OF LAW

Plaintiff, George Longmore, respectfully request that this Honorable Court grant his Motion for

Summary Judgment and states as follows:

### Factual Background and Procedural History

1. Plaintiff filed his Complaint in this Court on March 16, 2015.

2. Defendant answered this Complaint on March 27, 2015.

3. Joint Scheduling Order was entered on March 17, 2015.

4. Plaintiff filed an Amended Complaint on May 15, 2015 for Defendant's violations of the

   Fair Debt Collection Practices Act (FDCPA) 15 U.S.C.§ 1692 *et seq.*, Florida Consumer

   Collection Practices Act (FCCPA) Fla. Stat §559 *et seq.*, The Telephone Consumer

   Protection Act (TCPA) 47 U.S.C § 27 *et seq.*,and the Fair Credit Reporting Act (FCRA)

   15 U.S.C. §1681 *et seq.* Specifically, in his Amended Complaint, Plaintiff asserts that

"on November 3, 2014 Defendant (Gulf Coast Collection Bureau) willfully and knowingly obtained Plaintiff (George Longmore) TransUnion credit report without permissible purpose." *See* DE 15 at ¶ 29. As a result of the facts, Plaintiff asserts that Defendant violated 15 U.S.C. 1692e, 15 U.S.C. 1692e(10), 1692d(5), Fla. Stat§559.72(9), 47 U.S.C 227b(1)(A), 47 U.S.C 227b(1)(b) and 15 U.S.C. §1681b(f). *See* DE 15 at ¶¶ 33, 35, 38, 41, 43, 45 and 47.

5. Defendant answered Amended Complaint on May 26, 2015.

6. Discovery deadline was June 16, 2015.

7. Mediation Hearing took place June 17, 2015 and resulted in an impasse.

## STATEMENT OF FACTS

8. There is no verified evidence in any form that has been entered into the court record showing that Plaintiff has ever given Defendant or any other entity express written consent, verbal consent or electronic consent to obtain Plaintiff's TransUnion credit report.

9. There is no verified evidence in any form that has been entered into the court record showing that Plaintiff has ever given Defendant or any other entity expressed written consent, verbal consent or electronic consent to be contacted by the use of automatic dialing equipment.

10. There is no verified evidence in any form that has been entered into the court record showing an established business relationship between Plaintiff and any other entity.

11. There is no verified evidence in any form that has been entered into the court record showing an established business relationship between Defendant and any other entity.

12. There is no verified evidence in any form that has been entered into the court record showing that Plaintiff had any legitimate "account" or "debt" with defendant or any other entity.

## Legal Standard

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby Inc.,* 447 U.S. 242, 248 (1986). On a motion for summary judgment, all evidence and inferences are viewed in a light most favorable to the nonmoving party. *Id* at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. *See Celotex,* 477 U.S. at 324.

## Legal Arguments

### A) Defendant's FCRA Defense is without basis.

Plaintiff is entitled to summary judgment on his FCRA claims for three reasons: 1) Defendant cannot dispute that they obtained Plaintiff's TransUnion credit report on November 3, 2014[1]. 2) Plaintiff has never given Defendant expressed written consent, verbal consent, or electronic consent to obtain his TransUnion credit report. 3) There is no established business between Plaintiff and Defendant or any other entity. In Count VII of Plaintiff's Amended Complaint,

---

[1] Please see copy of Plaintiff's TransUnion credit inquiry history attached hereto as Exhibit "A".

Plaintiff asserts that Defendant violated § 1681b(f) when Defendant obtained "Plaintiff's

TransUnion Credit Report without permissible purpose."

The FCRA at § 1681b(f) states:

> (a) In General, Subject to subsection (c) of this section, any
> consumer reporting agency may furnish a consumer report
> under the following circumstances and no other:
>
>> (3) To a person which it has a reason to believe-
>>
>>> F) otherwise has a legitimate business need for the information
>>> (i) in connection with a business transaction that is initiated
>>> by the consumer; or
>>> (ii) to review an account to determine whether the consumer
>>> continues to meet the terms of the account.

Defendant's defense relies solely on what it alleges to be a signed medical history form

completed by Plaintiff dated March 27, 2014[2] and an alleged statement from the original

creditor[3].The medical history form is typed by an unknown entity and obviously not completed

by Plaintiff. It does not authorize expressed written consent, verbal consent or electronic consent

for any entity to obtain Plaintiff's TransUnion credit report. The Patient or Responsible Party

Signature section of the medical history is signed by someone other than the Plaintiff[4]. The

statement that Defendant alleges is from the original creditor has a date of service of March 28,

2014 which clearly conflicts with the date of the medical history form which says March 27,

2014.

Plaintiff asserts that Defendant violated the FCRA because it "willfully and intentionally"

obtained Plaintiff's credit report knowing that it lacked a permissible purpose for doing so.

Moreover, Plaintiff asserts that Defendant failed to satisfy the certification requirement under §

1681e(a)3 in that it could not—and did not—certify that it was obtaining the credit report for a

---

[2] Please see copy of Medical History Form attached hereto as Exhibit "B".
[3] Please see Statement attached hereto as Exhibit "C".
[4] Please see copy of Plaintiff's Florida which contains his signature attached hereto as Exhibit "D".

purpose appropriate under § 1681b(a)(3).  *See Cappetta v. Gc Services Ltd. Partnership, 654
F.Supp.2d 453* (E.D. *Va., 2009).* In Capetta: (1) Defendant could not claim it had a "legitimate
business purpose" for Plaintiff's credit report because that provision requires that Plaintiff initiate
the business transaction that serves as the alleged basis for obtaining the credit report (Pl.'s Opp'n
Mem. 5); (2) Defendant failed to certify it was obtaining Plaintiff's credit report on the basis of §
1681b(a)(3)(F) (*id.* 5-6); (3) Section 1681b(a)(3)(F) cannot be used independently of §
1681b(a)(3)(A)—(C) (*id.* 6 n. 6); (4) Section 1681b(a)(3)(A) does not provide a permissible
purpose because Defendant knew the American Express Card did not belong to Plaintiff but
instead belonged to her estranged husband (*id.* 6-10).

### B) Defendant's FDCPA Defense is without basis.

Plaintiff is entitled to summary judgment on his FDCPA claims for three reasons: 1) Defendant
obtained Plaintiff's TransUnion credit report without a legitimate business purpose in an attempt
to collect an alleged debt. 2) Defendant obtained Plaintiff's TransUnion credit report without
permissible purpose. 3) Defendant willing and knowingly called Plaintiffs telephone in an
attempt to an alleged debt without expressed consent . In Counts I, II and III of Plaintiff's
Amended Complaint, Plaintiff asserts that Defendant violated §1692e, § 1692e(10) and
§ 1692d(5) "by using false, deceptive or misleading representation or means in connection with
the collection of an alleged debt.", "by obtaining Plaintiff's TransUnion Credit Report without
permissible purpose in an attempt to collect an alleged debt" and "willingly and knowingly
placed a call to plaintiff " in an attempt to collect an alleged debt.

The FDCPA at § 1692e states:

(e) Purposes
 It is the purpose of this title to eliminate abusive debt collection
practices by debt collectors, to insure that those
debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and
to promote consistent State action to protect consumers against debt collection abuses.

The FDCPA at § 1692e(10) states:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection
> of any debt. Without limiting the general application
> of the foregoing, the following conduct is a violation of this
> section:

>> (10) The use of any false representation or deceptive means
>> to collect or attempt to collect any debt or to obtain
>> information concerning a consumer.

The FDCPA at § 1692d(5) states:

> A debt collector may not engage in any conduct the natural
> *consequence of which is to harass, oppress, or abuse any*
> *person in connection with the collection of a debt. Without*
> *limiting the general application of the foregoing, the following*
> *conduct is a violation of this section:*

>> *(5) Causing a telephone to ring or engaging any person*
>> *in telephone conversation repeatedly or continuously*
>> *with intent to annoy, abuse, or harass any person at the*
>> called number.

Defendant's defense relies solely on what it alleges to be a signed medical history form

completed by Plaintiff dated March 27, 2014[5] and an alleged statement from the original

creditor[6].The medical history form is typed by an unknown entity and obviously not completed

by Plaintiff. It does not authorize expressed written consent, verbal consent or electronic consent

for any entity to obtain Plaintiff's TransUnion credit report. The Patient or Responsible Party

Signature section of the medical history is signed by someone other than the Plaintiff[7]. The

statement that Defendant alleges is from the original creditor has a date of service of March 28,

---

[5] Please see copy of Medical History Form attached hereto as Exhibit "B".

[6] Please see Statement attached hereto as Exhibit "C".

[7] Please see copy of Plaintiff's Florida which contains his signature attached hereto as Exhibit "D".

2014 which clearly conflicts with the date of the medical history form which says March 27, 2014.

Defendant, Gulf Coast Collection Bureau, violated § 1692e  when it "willfully and knowingly" obtained Plaintiff's credit report knowing that it lacked a permissible purpose for doing so. **The FDCPA is a strict liability statute, and debt collectors whose conduct fails short of its requirements are liable here respective of their intentions.** *See  Ruth v. Triumph P'ships, 577 F.3d 790 (7th Cir. 2009).* **The FDCPA establishes a strict liability standard and requires only one violation for a consumer to prevail.** A debt collector may still violate the FDCPA while simultaneously following an authorized state procedure. *See  Chalik v. Westport Recovery Corp., 677 F. Supp. 2d 1322 (S.D. Fla. 2009).* **"[T]he FDCPA is designed to protect from the unscrupulous antics of debt collectors, irrespective of whether a consumers valid debt actually exists."** *See Keele v. Wexler, 149 F/3d 589. 594 (7th Cir. 1998).* A **"false, deceptive, or misleading representation or means in connection with the collection of any debt"** under § 1692e includes communications by the debt collector to the debtor's attorney, since the FDCPA applies to direct and indirect collection efforts. *See Midland Funding Capital Credit & Collection Serv., Inc. v. Armani, 206 P.3d 1114 (Or. Ct. App. 2009).*

Defendant violated § 1692e(10) when it "willingly and knowingly" obtained Plaintiffs TransUnion Credit Report without permissible purpose in an attempt to collect an alleged debt. Since the purposes of the FDCPA stated in § 1692 included the strengthening of federal protections for consumers, courts should interpret the FDCPA to be at least as protective of consumers as was the FTC Act at the time when the FDCPA was enacted. Thus, **the FDCPA's objective standards should be construed to be protective of consumers who are unsophisticated and relatively more susceptible to abuse.** *See Jeter v. Credit Bureau, Inc.,*

*760 F.2d 1168 (11th Cir. 1985).* **Reporting to credit bureaus is a communication within the FDCPA.** *See Davis v. Trans Union, L.L.C., 526 F. Supp. 2d 577 (W.D. N.C. 2007).*

Defendant, Gulf Coast Collection Bureau, violated § 1692d(5) when they placed a telephone call to Plaintiff in an attempt to collect an alleged debt. **The FDCPA establishes a strict liability standard and requires only one violation for a consumer to prevail.** A debt collector may still violate the FDCPA while simultaneously following an authorized state procedure. *See  Chalik v. Westport Recovery Corp., 677 F. Supp. 2d 1322 (S.D. Fla. 2009).* The FDCPA does not guarantee a debt collector the right to leave answering machine messages; debt collectors have other methods to reach debtors including postal mail, in-person contact, and speaking directly by telephone. *See Chalik v. Westport Recovery Corp., 677 F. Supp. 2d 1322 (S.D. Fla. 2009). In Atchoo v. Redline Recovery Servs., L.L.C., 2010 WL 1416738 (W.D.N.Y. Apr. 5, 2010).* **The court found that it was not necessary in a claim under § 1692d(5) for the consumer to allege that the defendant made a certain number of phone calls. Also, there is no requirement under this section that the consumer answer the phone. Instead, it is enough that the defendant merely causes the phone to ring continuously with the intent to annoy, abuse, or harass.**

### C) Defendant's TCPA Defense is without basis.

Plaintiff is entitled to summary judgment on his TCPA claims for three reasons: 1) There is no verified evidence in any form that has been entered into the court record showing that Plaintiff has ever given Defendant or any other entity expressed written consent, verbal consent or electronic consent to be contacted by the use of automatic dialing equipment. 2) There is no verified evidence in any form that has been entered into the court record showing an established business relationship between Plaintiff and any other entity.

3) Defendant willing and knowingly called Plaintiffs telephone in an attempt to an

alleged debt without expressed consent . In Counts V and VI of Plaintiff's Amended

Complaint, Plaintiff asserts that Defendant violated 47 U.S.C 227b(1)(A) and TCPA

U.S.C 227b(1)(B) "by making a call (other than a call made for emergency purpose or

made with prior expressed consent of the called party) using any automatic telephone

dialing system or an artificial prerecorded voice." and "to initiate any telephone call to

any residential telephone line using a artificial or prerecorded voice to deliver a message

without prior written consent of the called party."

The TCPA at § 227 states:

  (b) RESTRICTIONS OR THE USE OF AUTOMATED TELEPHONE
      EQUIPMENT-

    (1) PROHIBITIONS-  It shall be unlawful for any person within the United
        States, or any person outside the United States if the recipient is within the
        United States-
        (A) to make any call (other than a call made for emergency purpose or made
            with the prior express consent of the called party) using any automatic
            telephone dialing system or an artificial or prerecorded voice.
        (B) To initiate any telephone call to any residential telephone line using an
            artificial or prerecorded voice to deliver a message without prior written
            consent of the called party.

Defendant's defense relies solely on what it alleges to be a signed medical history form

completed by Plaintiff dated March 27, 2014[8] and an alleged statement from the original

creditor[9].The medical history form is typed by an unknown entity and obviously not completed

by Plaintiff. It does not authorize expressed written consent, verbal consent or electronic consent

for any entity to call Plaintiff's telephone. The Patient or Responsible Party Signature section of

the medical history is signed by someone other than the Plaintiff[10]. The statement that Defendant

---

[8] Please see copy of Medical History Form attached hereto as Exhibit "B".
[9] Please see Statement attached hereto as Exhibit "C".
[10] Please see copy of Plaintiff's Florida which contains his signature attached hereto as Exhibit "D".

alleges is from the original creditor has a date of service of March 28, 2014 which clearly conflicts with the date of the medical history form which says March 27, 2014.

Defendant, Gulf Coast Collection Bureau, violated § 227b(1)(A) by calling Plaintiffs phone using an automatic telephone dialing system in an attempt to collect an alleged debt. **The TCPA is a strict liability statute.** *Park Univ. Enters., Inc. v. American Cas. Co.*, 314 F. Supp. 2d 1094 (D. Kansas 2004). **A single violation is sufficient to create liability.** *Lary v. Tom Taylor Agency*, 878 So. 2d 1165 (Ala. Civ. App. 2003); *Reichenbach v. Financial Freedom Ctrs.*, 2004 WL 2634624 (Ohio Cr. App. Nov. 19 2004) (unpublished); *Grady v. Lenders Interactive Servs.*, 2004 WL 1799178 (OhioCt. App. Aug. 12, 2004) (unpublished); *Reichenbach v. Chung Holdings, L.L.C.*, 823 N.E.2d 29 (Ohio Ct. App. 2004) (prerecorded call) Page 105 in NCLC. **It is the placing of the call that is prohibited, even if the called party does not actually receive the call.** *First Nat'l Collection Bureau, Inc. v. Walker*, 348 S.W.3d 329 (Tex. App. 2011). **The court may treble the damage award if it finds that the defendant's violation was willful or knowing.** 47 U.S.C. § 227(b)(3); see *Charvat v. Ryan*, 879 N.E.2d 765, 771 (Ohio 2007) (if it is shown that violation is willful or knowing, then trial court "may, but need not," award treble damages); *Irving v. Akron Beacon J.*, 770 N.E.2d 1105 (Ohio Cr. App. damages but not in addition to them) *Adamo v. AT&T*, 2001 Ohio App. **The consumer need not prove any monetary loss or actual damages in order to recover the statutory penalty.** *Lary v. America Med. Practice Servs.*, 909 So. 2d 204 (Ala. Civ. App. 2005); *Kaplan v. Democrat & Chron.*, 701 N.Y.S.2d 859 (N.Y. App. Div. 1999) (reversing dismissal of complaint of consumer who sued after receiving three telephone calls soliciting newspaper subscription in violation of the TCPA but could not show any monetary loss); *Kaplan v. First City Mortgage*, 701 N.Y.S.2d 859 (N.Y City Ct. 1999).

Defendant, Gulf Coast Collection Bureau, violated § 227(1)(B) when it called Plaintiff's phone using an artificial or prerecorded voice to deliver a message without written consent from the Plaintiff. The TCPA restriction on prerecorded messages sent to residential phone is found under the TCPA at 47 U.S.C. § 227(b). As a result, there is a private action for the first violation and no defense for reasonable procedures. The TCPA is a strict liability statute. *Park Univ. Enters., Inc. v. American Cas. Co.*, 314 F. Supp. 2d 1094 (D. Kansas 2004). **A single violation is sufficient to create liability**. *Lary v. Tom Taylor Agency,* 878 So. 2d 1165 (Ala. Civ. App. 2003); *Reichenbach v. Financial Freedom Ctrs.*, 2004 WL 2634624 (Ohio Cr. App. Nov. 19 2004) (unpublished); *Grady v. Lenders Interactive Servs.,* 2004 WL 1799178 (OhioCt. App. Aug. 12, 2004) (unpublished); *Reichenbach v. Chung Holdings, L.L.C.,* 823 N.E.2d 29 (Ohio Ct. App. 2004) (prerecorded call) Page 105 in NCLC. **It is the placing of the call that is prohibited, even if the called party does not actually receive the call.** *First Nat'l Collection Bureau, Inc. v. Walker,* 348 S.W.3d 329 (Tex. App. 2011).

### D) Defendant's FCCP defense has no basis.

Plaintiff is entitled to summary judgment for his FCCP claim for reasons: 1) There is no verified evidence in any form that has been entered into the court record showing an established business relationship between Plaintiff and any other entity. 2) There is no verified evidence in any form that has been entered into the court record showing that Plaintiff had any legitimate "account" or "debt" with defendant or any other entity. In Counts IV of Plaintiff's Amended Complaint, Plaintiff asserts that Defendant violated FLA. STAT. § 559.72(9) by attempting or threatening to enforce when such persons knew that the debt was not legitimate.

The FLA. STAT. § 559.72 states:

> Prohibited practices generally.—In collecting consumer debts, no person shall:
>
> > (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Defendant's defense relies solely on what it alleges to be a signed medical history form completed by Plaintiff dated March 27, 2014[11] and an alleged statement from the original creditor[12].The medical history form is typed by an unknown entity and obviously not completed by Plaintiff. The Patient or Responsible Party Signature section of the medical history is signed by someone other than the Plaintiff[13]. The statement that Defendant alleges is from the original creditor has a date of service of March 28, 2014 which clearly conflicts with the date of the medical history form which says March 27, 2014.

The Defendant, Gulf Coast Collection Bureau, cannot show that an established business relationship or "account" exist between Plaintiff and any entity.  Summary Judgment would not be appropriate if Defendant could provide any documentation that could establish an agreement between Plaintiff and Defendant but it cannot. *See Schauer v. Morse Operations, Inc., 5 So. 3d 2 - Fla: Dist. Court of Appeals, 4th Dist. 2009.*

### Conclusion

There is no established business between Plaintiff and Defendant. Defendant did not have "permissible purpose" to obtain Plaintiff's TransUnion Credit Report. Defendant did not have "expressed written consent" to call plaintiff. There is no verified evidence

---

[11] Please see copy of Medical History Form attached hereto as Exhibit "B".
[12] Please see Statement attached hereto as Exhibit "C".
[13] Please see copy of Plaintiff's Florida which contains his signature attached hereto as Exhibit "D".

in any form that has been entered into the court record showing that Plaintiff had any legitimate "account" or "debt" with defendant or any other entity.

As such, Defendant's defenses under the FCRA, FDCPA, TCPA and FCCPA lack facial plausibility and thus Plaintiff is entitled to judgment as a matter of law.

**Wherefore**, Plaintiff George Longmore respectfully requests an order from this Honorable Court granting Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

George Longmore, *pro se*
607 NW 155 Terr
Pembroke Pines Fl, 33028
georgelongmore@comcast.net
(954) 871-1602

13

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June 2015, a true and correct copy of the foregoing

Plaintiff's Motion for Summary Judgment is being served by U.S.P.S. Mail To:

Ernest H. Kohlmyer III
Urban, Thier, Federer & Chinnery
200 South Orange Ave Ste 2000
Orlando, FL. 32801
407.245.8352
kohlmyer@urbanthier.com
Attorneys for Gulf Coast Collection Bureau
CASE NO : 15-cv-60549 COHN/SELTZER

Respectfully submitted,

George Longmore, *pro se*
607 NW 155 Terr
Pembroke Pines Fl, 33028
georgelongmore@comcast.net
(954) 871-1602

14

# EXHIBIT

# "A"

Consumer Credit Report for GEORGE P. LONGMORE                                      File Number: 310192780  Date Issued: 03/29/2015

**SYNCB/ROOMS TO GO** ( C/O PO BOX 965036, ORLANDO, FL 32896-5036, (866) 396-8254 )
Requested On: 02/25/2015

**FIRST NATIONAL CREDIT CA** ( 3820 N LOUISE AVE, SIOUX FALLS, SD 57107, (605) 782-3459 )
Requested On: 12/14/2014

**EQUIFAX CONSUMER SERVICE** ( 1550 PEACHTREE ST, ATLANTA, GA 30309, (866) 640-2273 )
Permissible Purpose: CREDIT TRANSACTION
Requested On: 11/27/2014

**HEALTHCARE REVENUE REC** ( 1801 NW 66TH AVENU, SUITE 200C, PLANTATION, FL 33313, (954) 792-5227 )
Requested On: 11/18/2014

**GULF COAST COLLECTION BU** ( 5630 MARQUESAS CIR, SARASOTA, FL 34232, (888) 839-6999 )
Requested On: 11/03/2014

**GEORGE LONGMORE via TRANSUNION INTERACTIVE I** ( 100 CROSS ST, STE 202, SAN LUIS OBISP, CA 93401, (888) 567-8688 )
Permissible Purpose: CONSUMER REQUEST
Requested On: 06/14/2014

**TRANSUNION INTERACTIVE I** ( 100 CROSS ST, STE 202, SAN LUIS OBISP, CA 93401, (888) 567-8688 )
Requested On: 06/14/2014

**DIR TO CONS VIA EQUIFAX** ( 1550 PEACHTREE ST, ATLANTA, GA 30309, (866) 640-2273 )
Requested On: 01/06/2014

**FACTACT FREE DISCLOSURE** ( P O BOX 1000, CHESTER, PA 19022, (800) 888-4213 )
Requested On: 07/09/2013

## -End of Credit Report-

## Should you wish to contact TransUnion, you may do so,

**Online:**
To dispute information contained in your credit report, please visit: www.transunion.com/disputeonline
For answers to general questions, please visit: www.transunion.com

**By Mail:**
TransUnion Consumer Relations
P.O. Box 2000
Chester, PA 19022-2000

**By Phone:**
(800) 916-8800
You may contact us between the hours of 8:00 a.m. and 11:00 p.m. Eastern Time, Monday through Friday, except major holidays.

For all correspondence, please have your TransUnion file number available (located at the top of this report).

# EXHIBIT

# "B"

## Medical History Form



**MINARS** DERMATOLOGY

**PATIENT INFORMATION**

Today's Date 3/27/14

**Name** LONGMORE ▬▬▬▬

           Last              First          M.I.

**Mailing Address** 607 NW 155TH TERRACE

**Home Phone (** 954 **)** 4381633     PEMBROKE PINES    Apt. #   FL   33028

                                     City          State   Zip

**Cell Phone (** 954 **)** 8711602     **Work Phone (**   **)**

**SS #** ___ - ___ - ___    Date of Birth 09 / 16 / 1999

                       Sex M☑ F☐   **E-Mail** GEORGELONGMORE@COMCAST.NE T

**PRIMARY INSURANCE HOLDER**

**Name** LONGMORE     GEORGE         Date of Birth 08 / 20 / 1966

           Last            First          M.I

**PERSON RESPONSIBLE FOR THE BILL**

**Name** LONGMORE     GEORGE         Date of Birth 08 / 20 / 1966

           Last            First          M.I.

**Mailing Address** 607 NW 155TH TERRACE

PEMBROKE PINES     FL   33028    **SS #** ___ - ___ - ___

        City         State    Zip

**Home Phone (** 954 **)** 4381633     **Cell Phone (** 954 **)** 8711602

In case of emergency, notify: GEORGE LONGMORE    **Phone** 9548711602

**Primary Care Physician** DR CHIANG    **Phone** 954 378 1500

**How did you hear about us?**

☐ 1 - Our website (www.minarsdermatology.com)
☐ 2 - Insurance website or list
☐ 3 - Another patient (Friend or Family) _____
☐ 4 - Mailing (Letter or Postcard)
☐ 5 - Radio
☐ 6 - Newspaper _____

☐ Referred by my Doctor (Name) _____ **MD Phone #** _____

☐ Other (Please Specify) _____

(Office Use Only) Entered by: _____ ...ne by: [signature] Please Turn Over

# Medical History Form

 **MINARS** DERMATOLOGY

Today's Date 03/27/14

(PLEASE CHECK YES OR NO)

| HAVE YOU HAD: | YES | NO | COMMENTS |
|---|---|---|---|
| Heart Disease | ○ | ◉ | |
| Hives | ○ | ◉ | |
| Lung Disease | ○ | ◉ | |
| High Blood Pressure | ○ | ◉ | |
| Kidney Disease | ○ | ◉ | |
| Blood Disorder | ○ | ◉ | |
| Cancer | ○ | ◉ | |
| Bowel Disease | ○ | ◉ | |
| Hepatitis | ○ | ◉ | |
| Diabetes | ○ | ◉ | |
| HIV+ | ○ | ◉ | |
| Skin Cancer | ○ | ◉ | |
| Do you use tobacco? | ○ | ◉ | |

List any other serious illness: NONE

List any family skin diseases: NONE

**Are you allergic to any drugs? (Please List)** NKA

**Current Medications:** NONE

**Occupation:** STUDENT

I authorize the release of medical information to my primary care or referring physician, to consultants if needed and as necessary to process insurance claims, insurance applications, and prescriptions. I also authorize payments of medical benefits to Minars Dermatology LLC

**Patient or Responsible Party Signature** _[signature]_ Date 3 / 27 / 14

Payment is required for all services at the time they are rendered (this includes co-payments and deductibles). Failure to pay bills on time (after two statements) results in a charge for attorney's fees (30% of total) plus interest. Patients who "no-show" (i.e. fail to cancel an appointment 24 hrs in advance, may be charged a "no-show" fee of up to $100 or lose their deposit).

**Patient or Responsible Party Signature** _[signature]_ Date 3 / 27 / 14

I have had a chance to read over the "Office Privacy Policy" (please ask for a copy or read the copies available in the waiting room).

**Patient or Responsible Party Signature** _[signature]_ Date 3 / 27 / 14

(Office Use Only) Entered by: _____

Please Turn Over

# EXHIBIT

# "C"

**MAKE CHECKS PAYABLE TO**

Minars Dermatology, LLC
4060 Sheridan Street
Suite C
Hollywood, FL 33021-3543

ADDRESS SERVICE REQUESTED

| IF PAYING BY MASTERCARD, DISCOVER, VISA OR AMERICAN EXPRESS, FILL OUT BELOW |
|---|
| CHECK CARD USING FOR PAYMENT |

| ☐ MASTERCARD | ☐ DISCOVER | ☐ VISA | ☐ AMERICAN EXPRESS |

| CARD NUMBER | | AMOUNT | |
|---|---|---|---|
| SIGNATURE | | EXP. DATE | |

| STATEMENT DATE | PAY THIS AMOUNT | ACCOUNT NUMBER |
|---|---|---|
| 09/22/2014 | 50.20 | 63676 |

PAGE NO. 1

| SHOW AMOUNT PAID HERE | $ |

**ADDRESSEE**

███████ NGMORE
607 NW 155TH TERR
Pembroke Pines, FL 33028

**REMIT TO**

Minars Dermatology, LLC
PO Box 432040
Miami, FL 33243

☐ Please check box if above address is incorrect or insurance information has changed, and indicate change(s) on reverse side.

**STATEMENT**

PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT

| Date | Ins Billed | Code | Description | Diag | Charge | Ins Pmt | Pat Pmt | Adjust | Amount | Ins |
|---|---|---|---|---|---|---|---|---|---|---|
| 03/28/14 | 04/01/14 | 99203 | Office Visit New Pt Detailed/L | 706.1 | 300.00 | 0.00 | 29.90 | 219.90 | 50.20 | |

| Current | 31 - 60 Days | 61 - 90 Days | 91 - 120 Days | Over 120 Days | Total Balance | Ins Pending | NOW DUE |
|---|---|---|---|---|---|---|---|
| 0.00 | 0.00 | 50.20 | 0.00 | 0.00 | 50.20 | 0.00 | 50.20 |

| Message |
|---|
| |

| Account Number |
|---|
| 63676 |

| Statement Date |
|---|
| 09/22/2014 |

| Billing Questions |
|---|
| (954) 987-7512 |

Make Checks Payable To: Minars Dermatology, LLC
4060 Sheridan Street
Suite C
Hollywood, FL 33021-3543

** Balance is overdue. Please remit or contact us immediately. **

2/17/201

# EXHIBIT

# "D"

