UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: 15-cv-60549-COHN/SELTZER

GEORGE LONGMORE

 Plaintiff,

v.

GULF COAST COLLECTION
BUREAU, INC.,

 Defendant.
_____/

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITH
SUPPORTING MEMORANDUM OF LAW**

 COMES NOW, Defendant, GULF COAST COLLECTION BUREAU, INC. (hereinafter "GCCB"), by and through its undersigned attorneys and pursuant to Rule 56, Federal Rules of Civil Procedure, hereby files its Motion for Summary Judgment, and as grounds therefore states as follows:

**Memorandum of Law**

*Summary Judgment Standard*

 Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to Interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fennell v Gilstrap, 559 F.3d 1212, 1216 (11th Cir. 2009).  To prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that

judgment as a matter of law should be granted in the moving party's favor.  Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

In considering a motion for summary judgment, the Court must view all facts and inferences to be drawn there from in the light most favorable to the non-moving party.  Abel v. S. Shuttle Servs., Inc., 620 F.3d 1272, 1273 n.1 (11th Cir. 2010); Matshushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986); SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985).

Once the moving party has met the burden of showing that no genuine issue of material fact exists, the non-moving party may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claim and establishing the existence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Porter v. Ray, 401 F.3d 1315, 1320 (11th Cir. 2006) (non-moving party must go beyond pleadings); Denney v. City of Albany, 247 F.3d 1172, 1181 (11th Cir. 2001) (moving party discharges burden by showing absence of evidence to support non-moving party's case); Evers v. Gen. Motors Corp., 770 F2d 984, 986 (11th Cir. 1985)(conclusory allegations without specific supporting facts have no probative value).

Not every factual dispute between the parties will prevent summary judgment; the disputed facts must be material; they must be facts which, under the substantive law governing the issue, might affect the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute must also be genuine.  The facts must be such that, if they were proven at trial, a reasonable jury could return a verdict for the non-moving party.  Id.  The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial.  First Nat'l Bank v. Cities Serv. Co., 391 U.S.

253, 288-89 (1968). Once the defendant demonstrates that the plaintiff is unable to produce sufficient evidence beyond the bare allegations of the complaint to support an essential element of the case, summary judgment should be entered.  Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir. 1992).

## Legal Arguments in Support of GCCB's Motion for Summary Judgment

### Counts V and VI
### Telephone Consumer Protection Act

Plaintiff attempts to allege two separate claims under the federal Telephone Consumer Protection Act (TCPA) seeking damages under both 47 USC 227(b)(1)(A) and 47 USC 227(b)(1)(B). Defendant denies liability under either section of the TCPA and seeks judgment against the Plaintiff as a matter of law.

*47 USC 227(b)(1)(A)*

Count 5 attempts to assert a claim under Section 227b(1)(A) which states that:

> *It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--*
>
> *(A) to make any call (other than a call made for emergency purposes or **made with the prior express consent of the called party**) using any automatic telephone dialing system or an artificial or prerecorded voice--*
>
> *(i) to any emergency telephone line (including any "911" line and any emergency line of a hospital, medical physician or service office, health care facility, poison control center, or fire protection or law enforcement agency);*
>
> *(ii) to the telephone line of any guest room or patient room of a hospital, health care facility, elderly home, or similar establishment; or*
>
> *(iii) to any telephone number assigned to a paging service, **cellular telephone service**, specialized mobile radio service, or other radio*

> *common carrier service, or any service for which the called party is charged for the call;*

It is undisputed in this case that GCCB did not contact the Plaintiff's cellular telephone and did not use a pre-recorded or artificial voice.[1] **[Deposition of George Longmore, 4/22/15, pages 38-39, 61; Affidavit of GCCB]** As such, there is no cause of action under this section of the TCPA.

### Prior Express Consent

However, even if GCCB did contact the Plaintiff, the Defendant had prior express consent to contact him since the Plaintiff provided his cellular number and residential land line number on the medical intake form. **[Aff. of GCCB; Comp. Exh. 1; Affidavit of Minars]** According to numerous and exhaustive list of cases nationwide, particularly the <u>Mais v. Gulf Coast Collect Bureau</u>[2] decision by the Eleventh Circuit Court of Appeals, the FCC and this Circuit have held that leaving the telephone number on a medical intake form is sufficient to establish "prior express consent" under the TCPA.

Courts have uniformly held that a defendant to a TCPA claim can prove the called party gave "prior express consent" by showing that the called party provided his or her cellular telephone number to a creditor as part of a business transaction. <u>Osorio v. State Farm Bank, F.S.B.</u>, 859 F.Supp.2d 1326 (S.D. Fla. May 10, 2012) (cell number provided on credit card

---

[1] Further Plaintiff provides no evidence that the November 19, 2014 telephone call was made by an "automated telephone dialing system ("ATDS") as defined by the TCPA or interpreted by the FCC. **[See Comp Exh. 1 - Longmore Depo, page 31]**

[2] <u>Mais v. Gulf Coast Collection Bureau, Inc</u>. 768 F.3d 1110 (11th Cir. 2014) Prior Federal Communications Commission (FCC) ruling, which stated that providing cellular phone number to creditor as part of credit application reasonably evidenced prior express consent to be contacted at that number regarding debt, had force of law and was order reviewable under Hobbs Act in courts of appeals, where trade organization filed petition seeking declaratory ruling clarifying Telephone Consumer Protection Act's (TCPA) prior express consent exception, FCC sought public comment in accordance with its rulemaking procedures, public filed comments in support of and against petition, and FCC issued declaratory ruling pursuant to its general rulemaking authority to carry out TCPA. 28 U.S.C.A. § 2342; Telephone Consumer Protection Act of 1991, § 227, 47 U.S.C.A. § 227; Communications Act of 1934, § 303(r), 47 U.S.C.A. § 303(r); 47 C.F.R. § 1.415(a).

application); Johnson v. Credit Protection Ass'n, L.P., 2012 WL 5875605, *4 (S.D. Fla. Nov. 20, 2012) (cell phone number given to cable provider); Jordan v. ER Solutions, Inc., 2012 WL 5245385, *1 (S.D. Fla. Oct. 18, 2012) (number provided to retail store); Cavero v. Franklin Collection Serv., Inc., 2012 WL 279448 (S.D. Fla. Jan 31, 2012) (cell number listed on phone/internet account); Frausto v. IC System, Inc., 2011 WL 3704249, *1 (N.D. Ill. Aug. 22, 2011)(cell phone number given to eBay & PayPal); Adamcik v. Credit Control Servs., Inc., 832 F.Supp.2d 744, 748 (W.D.Tex. 2011) (cell number on student loan application); Greene v. DirecTV, Inc., 2010 WL 6428734 (N.D. Ill. Nov. 8, 2010) (cell number provided to fraud alert service); Cunningham v. Credit Mgmt., L.P., 2010 WL 3791104, *5 (N.D. Tex. Aug 30, 2010) (cell number given to internet service provider); Moore v. CCB Credit Servs., Inc., 2013 WL 211048, *1 (E.D. Mo. Jan. 18, 2013) (cell number provided to gas company); Chavez v. The Advantage Gp., 2013 WL 4011006 (D. Colo. August 5, 2013) (harshly rejects Mais); Hart vs Vital Recovery Serv., No. 12-cv-00123-MP-GRJ at 6. (N.D. Fla. 2013) (refusing to follow Mais); Ranwick v. Tex. Gila, LLC, No. 13-cv-027920-RHK-SER (D. Minn. August 7, 2014) (declining to follow Mais); Murphy v. DCI Biologicals Orlando, LLC, 12-cv-01459-CEH-KRS (M.D. Fla. July 22, 2013) (Mais rejected as outlier opinion); Penn v. NRA Group, LLC, 2014 WL 2986787 (D. Md.) (rejecting Mais); Hudson v. Sharp Healthcare, 2014 WL 2892290 (S.D. Cal June 25, 2014)(Mais rejected as outlier opinion); Van Patten v. Vertical Fitness Group, LLC, 2014 WL 2116602 (S.D. Cal. May 20, 2014); Kenny v. Mercantile Adjustment Bureau, Inc., 2013 WL 1855782 (W.D.N.Y. May 1, 2013); Pollack v. Bay Area Credit Serv., 2009 WL 2475167 (S.D. Fla. August 13, 2009); Willis v. Optimum Outcomes, Inc., 2014 U.S. Dist. LEXIS 7377; 2014 WL 220707 (N.D. Utah January 21, 2014)

The basis for these decisions is the 1991 Report of the U.S. House of Representatives that ultimately became the TCPA (47 U.S.C. § 227), which concluded that the called party has in essence requested the contact by providing the caller with their telephone number. House Report, 102-317, 1st Sess., 102nd Cong. (1991) at 13. Congress's intent is further stated with regard to "prior express consent" that the TCPA *restriction* on calls to emergency lines, pagers, and the like *does not apply* when the called party has provided its number to the caller for use in normal business communications. H.R.Rep. 102-317 at 17(emphasis added). Accordingly, calls made with prior express consent to a called party's cellular phone are not prohibited by the TCPA. In Osorio, 859 F.Supp.2d at 1330, the Court determined that prior express consent exists when the cellular telephone number is provided on an electronic credit card application. GCCB has demonstrated by the deposition testimony of Plaintiff that the cellular telephone number at question was provided by the original creditor. **[Exh. 1; Aff. of GCCB; Aff. of Minars]**

The courts further hold that calls placed by a third party collector on behalf of a creditor are treated as if the creditor itself placed the call. Johnson, 2012 WL 5875605, at *3 (Johnson gave cell number to Comcast upon application for service and Comcast gave cell number to defendant when account forwarded for collection (citing In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C.R. 559, 565, **3, ¶ 10 (FCC 2008)); Cunningham, 2010 WL 3791104, at *5.

GCCB, as the third-party debt collector, stepped into the shoes of the creditor and its agents, on whose behalf they are recovering the debt. Id. at ¶10. As held in Mais, the FCC's declaratory rulings on this subject bind the district court pursuant to the Hobbs Act, see 47 U.S.C. § 402. See also: Fausto v. I.C. Systems, 2011 WL 3704249, (N.D. Illinois, Eastern Division. August 31, 2011) Design, Ltd. v. Prism Bus. Media, Inc., 606 F.3d 443, (7th Cir. 2010); Sacco v. Bank of Am., N.A., 2012 WL 6566681, at 9 (W.D.N.C. Dec. 17, 2012); Greene

v. DirecTv, Inc., 2010 WL 4628734, at 3 (N.D. Ill. Nov. 8, 2010); Hicks v. Client Servs., Inc., 2009 WL 2365637, at 4 (S.D. Fla. June 9, 2009) (Dimitrouleas, J.); Leckler v. Cashcall, Inc., 2008 WL 5000528, at *2-*3 (N.D. Cal. Nov. 21, 2008); Moore v. Firstsource Adv., LLC, 2011 WL 4345703, at *10 (W.D.N.Y. Sept. 15, 2011); Moise v. Credit Control Services, Inc., 2011 WL 10623106 (S.D. Fla. October 18, 2011)(Seitz, J.)

The FCC's 2008 ruling included its interpretation of the prior express consent defense and the jurisdictional limitations of the district court under the Hobbs Act. The FCC's position was that the district court's findings in Mais should be vacated and reversed. According to the FCC's brief, neither the district court's interpretation or the FCC's 2012 Order has altered or modified the meaning of "prior express consent". The FCC's brief clearly maintained that "persons who knowingly release their invitation or permission to be called at the number which they have given, absent instructions to the contrary." FCC Brief at 4 (*citing* 7 FCC Rcd at 8769 ¶ 30). The FCC in adopting this interpretation derived its support from the House Report, which noted that "the called party has in essence requested the contact by providing the caller with their telephone number for use in normal business communications." See FCC Brief, Page 5, *citing* H. Rep. No. 102-317 at 13 (1991). In the FCC's 2008 Order, the FCC concluded that "the provision of a cell number to a creditor, e.g., as a part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt." See FCC Brief at 5 (*citing* 23 FCC Rcd at 594 (¶9)). The FCC stood by the interpretation that "autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt are made with 'prior express consent' of the called party… such calls are permissible." FCC Brief at 6 (*citing* 23 FCC Rcd at 564-65 (¶10)).

Finally, the FCC has continued to assert that "calls placed by a third party collector on behalf of the creditor are treated as if the creditor itself placed the call." Id.

When Minars Dermatology gave GCCB Plaintiff's cellular telephone number during the placement of Plaintiff's account for collection, it also gave GCCB Plaintiff's prior express consent to be called at his cellular telephone number in an effort to collect the underlying debt obligations. Having provided the healthcare provider with his cellular telephone number, Plaintiff should have expected attempts to call him on that phone by Minars or anyone calling on its behalf to collect the outstanding balance due. Although the legal issues discussed in Mais also dealt with the scope of the medical consent forms and the recognition of the involvement of intermediaries to convey consent, this case is stronger to the effect that the debt obligation owed to Minars was directly placed with GCCB for collections and that prior express consent existed by Plaintiff voluntarily provided his cellular number on the consent forms to the actual creditor. **[Exh. 1; Aff. of Minars]**

Therefore as to Count 5, GCCB requests judgment against the Plaintiff as a matter of law.

*47 USC 227(b)(1)(B)*

As for Count 6, Plaintiff's Complaint attempts to assert a violation under Section 227b(1)(B) which states:

> *(B) to initiate any telephone call to **any residential telephone line** using an artificial or prerecorded voice to deliver a message without the **prior express consent of the called party**, unless the call is initiated for emergency purposes or is exempted by rule or **order by the Commission under paragraph (2)(B);***

Plaintiff testified under oath at his April 22, 2015 deposition that the November 19, 2014 telephone call was placed to his residential land line. Defendant asserts that it had prior express consent to contact the Plaintiff since Plaintiff placed his residential land line number on the

medical intake form. [**Exh. 1**] The Eleventh Circuit in <u>Meadows v. Franklin Collection Service</u>, 414 Fed. Appx. 230 (11th Cir. 2011); 2011 WL 479997 (11th Cir. 2011) specifically addressed this issue. In <u>Meadows</u>, the Plaintiff first alleged that Defendant violated 47 U.S.C. § 227(b)(1)(B) which makes it unlawful *"to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the [Federal Communications] Commission under paragraph (2)(B)."* The Eleventh Circuit noted that "The FCC has created two regulatory exemptions that are applicable to the debt-collection calls in this case." *Id.* First, the FCC exempts from the TCPA's statutory prohibition against prerecorded calls any call "made to any person with whom the caller has an established business relationship at the time the call is made[.]" 47 C.F.R. 64 1200(a)(2)(iv). Second, the FCC exempts any call "made for a commercial purpose but does not include or introduce an unsolicited advertisement or constitute a telephone solicitation[.]" 47 C.F.R. 64.1200(a)(2)(iii).

The FCC has made clear that these two exemptions "apply where a third party places a debt collection call on behalf of the company holding the debt." In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 FCC Rcd. 8752, 8773, ¶ 39 (July 26, 1995). The FCC has also clarified that "all debt collection circumstances involve a prior or existing business relationship." *Id.* at 8771-72, ¶ 36.

> *We agree with the district court that Franklin did not violate the TCPA because its prerecorded debt-collection calls are exempt from the TCPA's prohibitions on such calls to residences. Franklin had an established business relationship with the debtors (Taylor and the Tidmores), and was attempting to contact them at Meadows's number. Because Franklin had an existing business relationship with the intended recipient of its prerecorded calls,*

> *and the calls were made for a commercial, non-solicitation purpose, we conclude that those calls are exempt from the TCPA's prohibitions of prerecorded calls to residences.*

Therefore, as in *Meadows*, GCCB standing in the shoes of the original creditor to make debt collection calls on Minar's behalf is exempted from the TCPA. Therefore, GCCB requests judgment against the Plaintiff as a matter of law as to Count 6.

## FCCPA

The First Amended Complaint further attempts to assert a violation of Section 559.72(9) *Fla Stat*. under Count 4.  This section of the FCCPA prohibits:

> *(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*

First, it has already been established by the medical records and under Florida law that Plaintiff, as the legal parent of the minor child is the responsible party for the underlying debt obligation. **[Exh. 1]** Plaintiff's deposition testimony did not indicate that Plaintiff disputed the debt in any fashion to the original creditor. **[Exh 1; Exhibit 2; Exhibit 3; Longmore Depo., p 58]**  Instead, Plaintiff's testimony was of the false belief that GCCB could not collect this debt from Plaintiff since Plaintiff did not owe the bill <u>directly to GCCB</u> and his questioning GCCB's debt collection services on behalf of the original creditor. **[Longmore Depo., pp 22-26]**  Plaintiff asserted that if it could be demonstrated that a contractual relationship existed between GCCB and the original creditor, the claim would be dismissed. **[Longmore Depo., p 23]**   Plaintiff was provided a copy of the HIPAA Business Associate Agreement which demonstrates Defendant's collection services agreement with the original creditor.

Second, in order to establish a claim under this Section, Plaintiff must demonstrate that Defendant had *actual knowledge* of the illegitimacy of the debt obligation or had *actual knowledge* that it was asserting a right that did not exist.  See Bacelli v. MFP, Inc., 729 F.Supp.2d 1328 (M.D. Fla. 2010)[3]  It is undisputed that the debt obligation is legitimate and not *knowingly* illegitimate and thus Defendant cannot be found liable under FCCPA. As such, GCCB requests judgment as a matter of law against Plaintiff as to Count 4.

## FDCPA

Plaintiff's First Amended Complaint attempts to assert a cause of action under the Fair Debt Collection Practices Act ("FDCPA"). Count 1 of the Plaintiff's First Amended Complaints alleges that Defendant GCCB violated Section 1692e by *"using false, deceptive or misleading representation or means to in connection with the collection of an alleged debt"* **[DE 15, Paragraph 33]**  In reviewing the Factual Allegations contained in Paragraphs 13-28 of the Complaint, there is no factual statement that particularly addresses this allegation.  Based on the actual facts of the case as stated in the supporting affidavit from the corporate representatives of Minars Dermatology and GCCB, Defendant is entitled to judgment as a matter of law pursuant to claims asserted under 1692e. The facts demonstrate that Plaintiff, as the parent and responsible party for his minor daughter, appeared at the offices of Minars and requested medical services from the original creditor Minars Dermatology for his minor daughter. **[Exhibit 1; Aff. of Minars]** After failing to pay the self-pay portion of the medical services,  Minars retained GCCB to pursue collections on its behalf against the Plaintiff as the responsible party. **[Aff. of Minars; Aff. of GCCB]**.  According to GCCB, it received a past due account from Minars and sent its

---

[3] Section 559(9) requires by its terms *actual* knowledge. *In re Cooper,* 253 B.R. at 290; *see also In re Lamb,* 409 B.R. 534, 541 (Bkrtcy.N.D.Fla.2009); *Pollock v. Bay Area Credit Serv., LLC,* No. 08–61101–Civ, 2009 WL 2475167, at *9 (S.D.Fla. Aug. 13, 2009); *Williams v. Streeps Music Co., Inc.,* 333 So.2d 65, 67 (Fla. 4th DCA 1976) (striking allegation that a debt collector "should have known" the debt was not legitimate).

required 1962g notice to the Plaintiff on or about November 7, 2014. **[Aff. of GCCB]**  On November 19, 2014, GCCB attempted to contact Plaintiff for payment and initiated a telephone call to the residential telephone number ending in -1633 **[Exh. 1; Aff. of GCCB; Longmore Depo., pp 38-39]** No actual conversation occurred between Plaintiff and Defendant and no other telephone calls were attempted or initiated by Defendant. **[Aff. of GCCB]**  Instead of returning the telephone call, Plaintiff mailed a Validation of Debt Letter dated February 12, 2015**. [Exh. 2].** Although not legally required to provide validation of the debt more than 30 days after the receipt of the 1692g notice, GCCB provided Plaintiff with validation on February 17, 2015. **[Exh. 3]**  No other or further collection activity occurred on the subject account. **[Aff. of GCCB]**

The First Amended Complaint seeks damages under other federal and state statutes challenging the validity of the debt; right to collect the debt, right to communicate with the Plaintiff under the TCPA, and right to obtain information from Plaintiff's credit bureau report. To the extent that Plaintiff's claim under Count 1 is duplicative of the allegations of liability under Counts 2 through 7,  Defendant will address each of the remaining Counts below.

During the course of Plaintiff's deposition, the undersigned counsel specifically requested detailed information to support Plaintiff's allegations contained in Counts 1, 2 and 3 of the Complaint as they relate to the Fair Debt Collection Practices Act ("FDCPA"). As to Count 1 of the original Complaint, Plaintiff agreed under oath that he failed to assert any statements of fact or cite to any specific statutory section to which Plaintiff asserted as a violation of the FDCPA.  The previous paragraph 33 of the Complaint referenced *"numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA…"* However, there were no cited provisions of the FDCPA.  The First

Amended Complaint as discussed above, merely cited to Section 1692e generally without providing any specific factual allegations.

As for Count 2, the First Amended Complaint alleges a violation of the FDCPA for knowingly violating Section 1692e(10) in which Plaintiff asserts that GCCB obtained his credit report without a permissible purpose. As a part of this Count, Plaintiff is seeking actual and statutory damages under the FDCPA. This section specifically states:

> *A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*
>
> *(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

During Plaintiff's deposition, Plaintiff testified that his minor daughter sought the medical services of Minar Dermatology on March 27, 2014. The amount of the billed was $50.20. The evidence in this case demonstrates clearly that the original creditor was in possession of Plaintiff's insurance card and a copy of Plaintiff driver's license. **[Exh. 1]** Further, Plaintiff completed and signed a Medical History form and listed his home and cellular number on the form. **[Exh. 1]** The Medical History form contains all of Plaintiff's correct biographical information and his signature as responsible party. As the form indicates, Plaintiff's name is listed as the person ***"responsible for the bill"*** and therefore Defendant has a permissible purpose to pull a credit inquiry of Plaintiff as debtor of the underlying debt transaction. **[Exh. 1]** Contrary to Plaintiff's assertions, Defendant did not *use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.* Therefore Defendant demands judgment as to Counts 1 and 2 as a matter of law.

As to Count 3, the First Amended Complaint asserts a claim for damages under Section 1692d(5) which prohibits "

> *(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.*

According to Plaintiff deposition testimony and well as undisputed evidence, the Defendant attempted only one telephone call to which Plaintiff never spoke to anyone at GCCB. **[Longmore Depo., page 39]; [Aff. of GCCB]** Certainly, one unanswered telephone call on November 19, 2014 does not support a claim under Section 1692d(5) as to the provisions requires at least a series of continued telephone calls or a level of frequency to cause harassment. Therefore, the existence of only one unanswered telephone call does not create a violation of Section 1692d(5). Therefore, Defendant requests that the Court grant judgment against the Plaintiff as to Count 3 of the First Amended Complaint.

**FCRA**

Finally, the First Amended Complaint attempts to allege a violation of the Fair Credit Reporting Act under Count 7 and alleges that Defendant did not have a "permissible purpose" for pulling an inquiry on Plaintiff's credit bureau report for the underlying debt obligation. It is well established that a "permissible purpose" is established under Section 1681b(a)(3)(A) which states:

> *(3) To a person which it has reason to believe*
>
> > *(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, <u>or review or collection of an account of, the consumer</u>; or*

As the Defendant was lawfully attempting to collect a debt from the Plaintiff on behalf of the original creditor, it had a permissible purpose to review this information from TransUnion.

Therefore, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff as to Count 7.

## Conclusion

For the foregoing reasons, the record supports undisputed issues of fact to grant Defendant's Motion for Summary Judgment.

                                                  Respectfully submitted,

                                                  /s/ Ernest H. Kohlmyer, III
                                                  Ernest H. Kohlmyer, III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **July 9, 2015**, via the Clerk of Court's CM/ECF system which will provide electronic notice to the following: George Longmore, Plaintiff *Pro Se,* 607 NW 155 Ter, Pembroke Pines, FL 33028 at:georgelongmore@comcast.net.

                                                  */s/ Ernest H. Kohlmyer, III*
                                                  Ernest H. Kohlmyer, III
                                                  Florida Bar No.: 110108
                                                  kohlmyer@urbanthier.com
                                                  Urban, Their & Federer, P.A.
                                                  200 S. Orange Avenue, Suite 2000
                                                  Orlando, FL  32801
                                                  Telephone: (407) 245-8352
                                                  Facsimile: (407) 245-8361
                                                  *Attorneys for Defendant*